UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:05-CR-128 (PHILLIPS/GUYTON) |
| JEFF HICKMAN, | ) ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER

This matter came before the Court on February 23, 2006, for a hearing on the defendant Jeff Hickman's Motion For List of Government Witnesses [Doc. 67] and Motion For A Bill Of Particulars [Doc. 69]. Special Assistant United States Attorney Brownlow Marsh was present representing the government. Attorney Patrick Phillips was present representing the defendant, Jeff Hickman. The defendant Jeff Hickman was also present.

The defendant states that the indictment [Doc. 3] charges him with one count of conspiracy to manufacture and distribute methamphetamine "beginning in or about the year 2000 and continuing until in or about the year 2004." The defendant argues that the indictment does not specify exactly what conduct the defendant allegedly did that was criminal, when it occurred, the specific time period of the alleged conspiracy, with whom the defendant conspired, and his particular overt acts or actions in furtherance of the conspiracy.

The defendant argues that without this information, he will face "trial by ambush," since he will not be able to prepare a defense. The defendant further maintains that he is "factually innocent" and thus, this is not a typical case, in that he fears a "wrongful

conviction" due to inability to fully discover the government's evidence. Finally, the defendant argues that the government will not be prejudiced by providing a bill of particulars and a witness list, the latter giving the defendant a chance to investigate for impeachment information.

The government responds that the defendant is entitled to know the details of the charges against him, but that he is not entitled to know the details of the government's evidence against him, beyond the provisions of the rules of discovery. The government further argues that it is not required to disclose its witnesses prior to trial, and that the defendant has been provided the criminal histories of the eight co-defendants in the indictment.

In reply, the defendant argues that he is not asking for the government's evidence, only a short, plain statement of what the government charges as being criminal conduct. The defendant also argues that the Court has the discretion to order the government to provide a list of its witnesses. The defendant concedes that he has received Rule 16 discovery from the government. As a result, the defendant knows that his alleged delivery or procurement of items relating to the manufacture or distribution of methamphetamine was to co-defendant Adam Ogle. However, the government purportedly has two corroborating witnesses, and the defendant seeks the identity of those persons.

The Court filed an Order on Discovery and Scheduling [Doc. 26] in this case. The government argues that it has met its obligations thereunder.

The Court conducted a status conference with counsel on February 28, 2006. It appears to the Court that on-going discovery has resulted in the defendant Jeff Hickman being provided with the time frame of his alleged criminal activity and with information detailing the nature of the items which he allegedly delivered or procured as part of the purported meth

2

making operation in this case.

The purpose of a bill of particulars is to inform the defendant of the nature of the charges against him so that he can prepare for trial. United States v. Brimley, 529 F.2d 103, 108 (6th Cir. 1976). The test is whether the indictment is sufficiently specific to inform the defendant of the charges against him, to protect him from double jeopardy, and to enable him to prepare for trial. United States v. Azad, 809 F.2d 291, 296 (6th Cir. 1986).

A bill of particulars, however, can not be used to obtain detailed disclosure of all evidence held by the government before trial, or to discover all the overt acts that might be proven at trial. United States v. Phibbs, 999 F.2d 1053, 1086 (6th Cir. 1993), cert. denied, 510 U.S. 1119 (1994). The government also need not provide the names of all of its witnesses. United States v. Largent, 545 F.2d 1039, 1043-44 (6th Cir. 1976), cert. denied, 429 U.S. 1098 (1977). Finally, grant or denial of a Motion For Bill of Particulars does lie within the sound discretion of the trial court. Phibbs, supra at 1086.

Where, as in the present case, the government's on-going discovery provides the defendant with that information which would have comprised the bill of particulars, the need for a bill of particulars is obviated. United States v. Anvari-Hamedani, 354 F.Supp.2d 768, 769 (N.D. Ohio 2005), citing United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979); accord, United States v. Martin, 822 F.2d 1089, 1987 WL 38036 (6th Cir. 1987) (unpublished disposition). Therefore, the Motion For A Bill Of Particulars [Doc. 69] is **DENIED**.

In the present case, the Motion For List of Government Witnesses [Doc. 67] also is not well-taken, and accordingly, it is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

  s/ H. Bruce Guyton  
United States Magistrate Judge

4